IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LIBERTY MUTUAL FIRE
INSURANCE Company
a Wisconsin Corporation,

    Plaintiff,

      v.

CAGLE'S, INC.
a Georgia Corporation,

    Defendant.

CIVIL ACTION FILE
NO. 1:10-CV-2158-TWT

ORDER

This is breach of contract action arising out of an insurance dispute.  It is before

the Court on the Plaintiff's Motion to Dismiss the Defendant's Counterclaim [Doc.

7].  For the reasons set forth below, the Court DENIES the Plaintiff's motion.

I. Background

For the period January 1990 through January 1991, Liberty Mutual Fire

Insurance Company provided workers' compensation insurance to Cagle's, Inc. under

a retrospectively rated policy (the "Policy").  Under the Policy, Liberty Mutual was

required to administer and defend workers' compensation claims against Cagle's.

The Policy also included a retrospective premium endorsement.  (See Compl., Ex. 1.)

According to this endorsement, Liberty Mutual was authorized to make annual premium adjustments based on claims activity for the preceding year. The nature and extent of that claims activity could yield either a credit or debit to Cagle's' account. Where claims activity yielded a credit in favor of Cagle's, Liberty Mutual had to refund premiums that Cagle's had already paid. Conversely, where claims activity yielded a debit, Cagle's had to pay additional premiums as calculated by Liberty Mutual.

In December 1990, Tony Centers, a Cagle's' employee, suffered an injury to his lower back. Subsequently, Centers made a workers' compensation claim under the Policy. In 1991, Liberty Mutual settled the indemnity portion of Centers' claim. The medical portion of the claim remained open so that Centers could continue to receive medical treatment. The Defendant alleges, however, that Centers received no treatment after October 1991 until 1999.

In December 2002, Centers made another claim for medical benefits related to the 1990 injury. Cagle's contends that this claim arose from a different and unrelated injury caused by a slip and fall. Liberty Mutual, however, accepted Centers' claim as an expense related to the 1990 injury. In August 2009, Liberty Mutual settled the entirety of Centers' claim for $112,316.65. Accordingly, Liberty Mutual made adjustments that resulted in increased premiums for the eighteenth and nineteenth

retrospective adjustment periods.  In March 2010, Liberty Mutual sent Cagle's a statement listing $129,969 in additional premiums owed under the Policy.  (See Compl., Ex. 2.)  Cagle's refused to pay.

Liberty Mutual then filed this Complaint,  based on diversity of citizenship, seeking to recover the additional premiums.   Cagle's filed an Answer and Counterclaim for breach of fiduciary duty, declaratory judgment, and attorneys' fees. Cagle's argues that the Plaintiff failed to properly investigate Centers' claim and thus improperly made payments to Centers resulting in  increased premiums under the Policy.  Liberty Mutual has filed a Motion to Dismiss the Defendant's Counterclaim [Doc. 7].  The Plaintiff argues that it owed no duty to Cagle's under the Policy and that the Defendant is not entitled to a declaratory judgment.

## II.  Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); FED. R. CIV. P. 12(b)(6).  A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citations and quotations omitted).  In ruling on a motion to dismiss, the court

must accept factual allegations as true and construe them in the light most favorable to the plaintiff.  See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983).  Generally, notice pleading is all that is required for a valid complaint.  See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).  Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555).

## III.  Discussion

### A.    Breach of Fiduciary Duty

Liberty Mutual argues that it owed no duty to Cagle's.  Both parties agree that Georgia law governs the Defendant's breach of duty claim.  (Def.'s Br. in Opp'n to Pl.'s Mot. to Dismiss, at 3 n.2.)  The Plaintiff contends that under Georgia law, "the insurer-insured relationship does not itself impose fiduciary responsibilities upon the insurer."  Cone Fin. Grp., Inc. v. Employers Ins. Co. of Wausau, No. 7:09-CV-118, 2010 WL 3221831, at *2 (M.D. Ga. Aug. 13, 2010).  "The relationship is instead governed by the insurance contract."  Id.  Georgia courts have noted, however, "that because of the potential for conflict of interest, in dealing with *retrospective premium policies*, a duty is imposed upon the insurer to act reasonably and in good faith."

Benton Exp., Inc. v. Royal Ins. Co. of Am., 217 Ga. App. 331, 333 (1995) (emphasis
added); see also Home Ins. Co. v. Sunrise Carpet Indus., Inc., 229 Ga. App. 268, 271
(1997) (quoting Benton and noting same duty with respect to retrospective premium
policies).  In Benton, the plaintiff brought a breach of fiduciary duty claim seeking a
declaration of its liability for additional premiums owed under a retrospective
premium insurance policy.  The plaintiff argued "[the defendant] did not properly
investigate or handle claims, [and] that it settled claims unreasonably, overpaying
claimants."  Id. at 332.  Citing potential conflicts of interest between insurer and
insured, the Georgia Court of Appeals held that insurers owe a duty of good faith and
reasonableness with respect to retrospective premium policies.  Because "potential
exists for the insurer to overcharge the insured," insurers must act reasonably when
defending and settling claims on behalf of their insureds.  Id.  Having found, however,
that the defendants acted reasonably and in good faith, the court affirmed the grant of
summary judgment in favor of the defendants.

   Here, as in Benton, Cagle's asserts that Liberty Mutual failed to properly
investigate Tony Centers' claim.  Because the Policy provides for retrospective
premium adjustments, the Plaintiff owed Cagle's a duty to act reasonably and in good
faith in defending and settling claims against Cagle's.  See Benton, 217 Ga. App. at
333.  The cases cited by Liberty Mutual do not hold otherwise.  Indeed, these cases

do not address the duty owed under a retrospective premium policy.  See Cone, 2010 WL 3221831, at *2 (no duty under "large deductible policy" under which insured was liable for claims up to $250,000); Prime Mgmt. Consulting & Inv. Servs. LLC v. Certain Underwriters at Lloyd's London, No. 1:07-CV-1578, 2007 WL 4592099, at *2 (N.D. Ga. Dec. 28, 2007) (no duty where insured allows insurance proceeds to be depleted); Arrow Exterminators, Inc. v. Zurich Am. Ins. Co., 136 F. Supp. 2d 1340, 1354 (N.D. Ga. 2001) (finding that insurer may settle claims against insured "even though such settlements deplete or exhaust the policy limits.").  These cases simply state the general rule that an insurance contract does not automatically create an independent duty on the part of the insurer.  As discussed above, however, Georgia courts have found that retrospective premium policies present special risks that necessitate the imposition of a duty of reasonableness and good faith in settling claims.

Liberty Mutual also argues that the economic loss rule precludes Cagle's' breach of duty claim.  Specifically, the Plaintiff contends that the existence of a contract between the parties requires Cagle's to seek a remedy in contract and not in tort.  See Rosen v. Protective Life Ins. Co., No. 1:09-CV-03620, 2010 WL 2014657, at *9 (N.D. Ga. May 20, 2010).  However, where "an independent duty exists under the law, the economic loss rule does not bar a tort claim because the claim is based on

a recognized independent duty of care and thus does not fall within the scope of the rule." Id. (quoting Davencourt at Pilgrims Landing Homeowners Ass'n v. Davencourt at Pilgrim's Landing, 221 P.3d 234, 244 (Utah 2009)).  Here, as discussed above, Liberty Mutual owed Cagle's an independent duty.  Thus, the economic loss rule does not bar recovery in tort.  For these reasons, the Defendant's breach of fiduciary duty claim should not be dismissed.

B.    Declaratory Judgment

The Plaintiff  has also moved to dismiss Cagle's' declaratory judgment claim. In its Motion to Dismiss, Liberty Mutual argued that Cagle's may not seek a declaratory judgment regarding premium adjustments that may occur in the future. The Plaintiff noted that these prospective adjustments will be determined by the nature and extent of claims activity that has yet to occur.  In its reply, however, Liberty Mutual argues that Cagle's may not seek a declaratory judgment "as to something that has already happened."  (Pl.'s Reply Br. in Supp. of Pl.'s Mot. to Dismiss at 11.) Apparently, Liberty Mutual now contends that the Defendant may not seek a declaratory judgment with respect to premiums *already paid* under the Policy.[1]

---

[1]It is unclear whether Liberty Mutual has abandoned its contention that the declaratory relief is related to future premium adjustments.  Regardless, as discussed below, both of the Plaintiff's arguments are flawed.

The Plaintiff, however, misunderstands the Defendant's claim. Cagle's is not seeking a declaration of liability for future premium adjustments. Nor is it seeking a declaration relating to adjustments that have already been paid to the Plaintiff. Rather, Cagle's requests a declaration regarding the eighteenth and nineteenth retrospective adjustments that Liberty Mutual has calculated but Cagle's has yet to pay. The Plaintiff has billed Cagle's for these premiums. The Defendant, however, disputes the debt and is uncertain regarding its legal obligation to satisfy it. Thus, Cagle's' claim presents an "actual controversy." See 28 U.S.C. § 2201(a). For this reason, the Defendant's declaratory judgment claim should not be dismissed.

## IV.  Conclusion

For the reasons set forth above, the Court DENIES the Plaintiff's Motion to Dismiss the Defendant's Counterclaim [Doc. 7].

SO ORDERED, this 15 day of December, 2010.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge